09-1280-ag
Yang-Lin v. Holder

BIA
Brennan, IJ
A098 721 798

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of December, two thousand nine.

PRESENT:
      JON O. NEWMAN,
      ROBERT A. KATZMANN,
      GERARD E. LYNCH,
            Circuit Judges.

———————————————————————————————

XIAO JU YANG-LIN,
     Petitioner,

      v.                       09-1280-ag
                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
     Respondent.

———————————————————————————————

FOR PETITIONER:       Cora J. Chang, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General,
                       Civil Division; Allen W. Hausman,
                       Senior Litigation Counsel; Kevin J.
                       Conway, Attorney, Office of
                       Immigration Litigation, United States
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and the case is REMANDED.

Petitioner Xiao Ju Yang-Lin, a native and citizen of the People's Republic of China, seeks review of a March 13, 2009 order of the BIA affirming the January 10, 2007 decision of Immigration Judge ("IJ") Noel Brennan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Ju Yang-Lin*, No. A098 721 798 (B.I.A. Mar. 13, 2009), *aff'g* No. A098 721 798 (Immig. Ct. N.Y. City Jan. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Here, Yang-Lin sought asylum on the ground that he suffered past persecution and had a well-founded fear of persecution on account of his resistance to the family planning policy, stemming from the physical altercation that ensued when the family planning cadres sought his cousin in order to require an abortion. In finding that Yang-Lin failed to establish a nexus to a protected ground, the agency noted that he did not indicate that he verbally expressed any opposition to the family planning policy to any of the officers, nor did he indicate that the officers believed him to oppose the policy. Yang-Lin challenges this finding.

## I.  Other Resistances

The BIA has held that acts that thwart the goals of the family planning policy and which are viewed with disfavor by Chinese officials implementing the policy, including acts involving the use of force, constitute "other resistance" to the policy.  *Matter of M-F-W- & L-G-*, 24 I & N Dec. 633, 638 (BIA 2008); *see also Shi Liang Lin v. U.S. Dep't of Justice*, 416 F.3d 184, 188 (2d Cir. 2005).  The BIA failed to explain, however, why Yang-Lin's conduct did not constitute resistance to the policy under the BIA's own standards.  Accordingly, we remand to allow the BIA an opportunity to explain why Yang-Lin's altercation did not demonstrate "other resistance" to the family planning policy, and to state specifically whether physical resistance must be accompanied by verbal resistance. *See Mufied v. Mukasey*, 508 F.3d 88, 91-92 (2d Cir. 2007) ("A court of appeals is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. . . . [T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").

## II.  Past Persecution

In finding that Yang-Lin failed to establish past persecution, the IJ noted that "while the respondent ha[d] an altercation with the authorities I note that he was not arrested or detained in any way but was rather beaten up but not in a setting that was a detention or a detained setting." Thus, the IJ appeared to suggest that detention or arrest was required to show persecution.

Although we have found that detention and arrest may exacerbate the circumstances in which a beating has occurred, *see Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006), we have never ruled that physical attacks may not, on their own, constitute persecution, regardless of where they occurred. *See id.* at 225-26 (citing *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 340 (2d Cir. 2006)).  Accordingly, we also remand to the BIA so that the agency may consider whether the physical attack on Yang-Lin rises to the level of

-3-

persecution. *See Beskovic*, 467 F.3d at 225-26 (citing *Ivanishvili*, 433 F.3d at 340).

## III. **Other Claims**

Lastly, Yang-Lin does not challenge the IJ's adverse credibility determination, which was dispositive of his Falun Gong claim, and he fails to sufficiently challenge the denial of his CAT claim. We deem any challenge to these findings forfeited. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is GRANTED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

-4-